**United States Bankruptcy Court**
**District of Massachusetts**

# CHAPTER 13 PLAN

Filing Date: **September 29, 2012**          Docket #: **12-43198**

Debtor: **Mitchell, Jean Marie**          Co-Debtor: _____

SS#: **3117**          SS#: _____

Address: **90 Sylvan Avenue**          Address: _____

**Leominster, MA  01453-4658**          , _____

Debtor's Counsel:

**Law Offices of James D. Lukowiak, P.C.**
**1290 Worcester Road, Suite 2W**
**Framingham, MA  01702-0000**

**(508) 788-5500**
**(508) 788-5501**

ATTACHED TO THIS COVER SHEET IS THE CHAPTER 13 PLAN FILED BY THE DEBTOR(S) IN THIS CASE. THIS PLAN SETS OUT THE PROPOSED TREATMENT OF THE CLAIMS OF CREDITORS. THE CLAIMS ARE SET FORTH IN THE BANKRUPTCY SCHEDULES FILED BY DEBTOR(S) WITH THE BANKRUPTCY COURT.

YOU WILL RECEIVE A SEPARATE NOTICE FROM THE BANKRUPTCY COURT OF THE SCHEDULED CREDITORS' MEETING PURSUANT TO 11 U.S.C. § 341. THAT NOTICE WILL ALSO ESTABLISH THE BAR DATE FOR FILING PROOFS OF CLAIMS.

UNLESS OTHERWISE ORDERED BY THE COURT, ANY OBJECTION TO CONFIRMATION OF A CHAPTER 13 PLAN SHALL BE FILED ON OR BEFORE THE LATER OF (i) THIRTY (30) DAYS AFTER THE DATE ON WHICH THE FIRST § 341 MEETING IS HELD OR (ii) THIRTY (30) DAYS AFTER THE SERVICE OF AN AMENDED OR MODIFIED PLAN.

**United States Bankruptcy Court**
**District of Massachusetts**

## CHAPTER 13 PLAN

Docket#: **12-43198**

DEBTORS: (H) **Mitchell, Jean Marie**_____ SS# **3117**_____
(W) _____ SS# _____

I. PLAN PAYMENT AND TERM:

Debtor(s) shall pay monthly to the Trustee the sum of $ **150.00** for the term of:

**[X]** 36 Months. 11 U.S.C. § 1325(b)(4)(A)(i);
**[ ]** 60 Months. 11 U.S.C. § 1325(b)(4)(A)(ii);
**[ ]** 60 Months. 11 U.S.C. § 1322(d)(2). Debtor avers the following cause:
**[ ]** ___ Months. The Debtor states as reasons therefore:

II. SECURED CLAIMS:

A. Claims to be paid through the plan (including arrears):

| Creditor | Description of Claim (pre-petition arrears, purchase money, etc.) | Amount of Claim |
|---|---|---|
| **AmeriCredit Financial Services, Inc.** | Car loan - pre-petition arrears | 290.64 |
| | Total of secured claims to be paid through the Plan: $ | 290.64 |

B. Claims to be paid directly to creditors (not through plan):

| Creditor | Description of Claim |
|---|---|
| **AmeriCredit Financial Services, Inc.** | Car loan |
| **Gmac Mortgage** | Mortgage - Debtor has applied for a loan modification and if approved said modification will address pre-petition arrears. If the Debtor is unable to obtain a loan modification the Debtor anticipates surrendering her home. |

C. Modifications of Secured Claims:

| Creditor | Details of Modification (Additional details may be attached) | Amt. of Claim to Be Paid Through Plan |
|---|---|---|
| **None** | | |

D. Leases:

i. The Debtor(s) intend(s) to reject the residential/personal property lease claims of:
**None**

ii. The Debtor(s) intend(s) to assume the residential/personal property lease claims of :
**None**

iii. The arrears under the lease to be paid under the plan are _____.

III. PRIORITY CLAIMS:

A. Domestic Support Obligations:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| **None** | | |

B. Other:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| **None** | | |
| | Total of Priority Claims to Be Paid Through the Plan: $ | **0.00** |

This plan provides for full payment of priority claims.

IV. ADMINISTRATIVE CLAIMS:

A. Attorneys fees  (to be paid through the Plan): $ **3,349.00**.

B. Miscellaneous fees:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| **None** | | |

C. The Chapter 13 Trustee's fee is determined by Order of the United States Attorney General. The calculation of the Plan payment set forth utilizes a 10% Trustee's commission.

V. UNSECURED CLAIMS:

The general unsecured creditors shall receive a dividend of **2.32**% of their claims.

A. General unsecured claims: ............................................................................................................................ $ **26,253.91**

B. Undersecured claims arising after lien avoidance/cramdown:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| **Discover Bank** | **Judicial Lien - Leominster District Court - Docket No. 201061CV000503 filed with the Worcester County Registry of Deeds, Book 7319, Page 156.  The property is subject to priorities that are secured and not avoidable: 1st mortgage in the amount of $188,029. The judicial lien should be avoided in its entirety, where the value of the secured unavoidable claims on the real estate exceed the fair market value of the property which is estimated to be $123,941.   Said debt shall be discharged upon the Debtors completing the Chapter 13 Plan and the Court issuing a discharge on the same.** | **11,144.66** |
| **LVNV Funding, LLC** | **Judicial Lien - Leominster District Court - Docket No. 1261CV00035 filed with the Worcester County Registry of Deeds, Book 7665, Page 286.  The property is subject to priorities that are secured and not avoidable: 1st mortgage in the amount of $188,029. The judicial lien should be avoided in its entirety, where the value of the secured unavoidable claims on the real estate exceed the fair market value of the property which is estimated to be $123,941.   Said debt shall be discharged upon the Debtors completing the Chapter 13 Plan and the Court issuing a discharge on the same.** | **10,898.22** |

C. Non-Dischargeable Unsecured Claims:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| **US Dept of Education** | **Student Loan** | **3,893.00** |
| **US Dept of Education** | **Student Loan** | **330.00** |
| | Total of A + B + C unsecured claims: $ | **52,519.79** |

D. Multiply total by percentage**:** $ **1,220.36**.
(Example: total of $38,500.00 x .22 dividend = $8,470.00)

E. Separately classified unsecured claims (co-borrower, etc.):

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| **None** | | |

Total amount of separately classified claims payable at **100**%: $ _____ **0.00**

VI. OTHER PROVISIONS:

A. Liquidation of assets to be used to fund Plan:

B. Miscellaneous provisions:

VII. CALCULATION OF PLAN PAYMENT:

a. Secured claims (Section I-A Total): ........................................................................................................$ _____ **290.64**
b. Priority claims (Section II-A & B Total): ..................................................................................................$ _____ **0.00**
c. Administrative claims (Section III-A & B Total): ......................................................................................$ _____ **3,349.00**
d. Regular unsecured claims (Section IV-D Total): + ..................................................................................$ _____ **1,220.36**
e. Separately classified unsecured claims: ................................................................................................$ _____ **0.00**
f. Total of a + b + c + d + e above: ............................................................................................................$ _____ **4,860.00**
g. Divide (f) by .90 for total including Trustee's fee: Cost of Plan: ............................................................$ _____ **5,400.00**
   (This represents the total amount to be paid into the Chapter 13 Plan)
h. Divide (g) Cost of Plan by Term of Plan: **36** months
i. Round up to nearest dollar: Monthly Plan Payment: ..............................................................................$ _____ **150.00**
(Enter this amount on Page 1)

Pursuant to 11 U.S.C. §1326(a)(1) unless the Court orders otherwise, debtor shall commence making the payments proposed by a plan within thirty (30) days after the petition is filed. Pursuant to 11 U.S.C. §1326(a)(1)(C), the debtor shall make preconfirmation adequate protection payments directly to the secured creditor.

VIII. LIQUIDATION ANALYSIS

A. Real Estate:

| Address | Fair Market Value | Total Amount of Recorded Liens (Schedule D) |
|---|---|---|
| | 0.00 | 0.00 |
| **90 Sylvan Avenue, Leominster, MA** | 123,941.00 | 198,927.22 |

Total Net Equity for Real Property:   $ _____ 0.00
Less Total Exemptions (Schedule C):   $ _____ 0.00
Available Chapter 7:                  $ _____ 0.00

B. Automobile

| Describe year, make and model | Value | Lien | Exemption |
|---|---|---|---|
| **1993 Jeep Wrangler** | 1,758.00 | 0.00 | 1,758.00 |
| **2006 Ford Escape** | 4,189.00 | 7,013.18 | 0.00 |

Total Net Equity:                     $ _____ 1,758.00
Less Total Exemptions (Schedule C):   $ _____ 1,758.00
Available Chapter 7:                  $ _____ 0.00

C. All Other Assets (All remaining items on Schedule B): (Itemize as necessary)

Total Net Value:                      $ _____ 859.00
Less Exemptions (Schedule C):         $ _____ 859.00
Available Chapter 7:                  $ _____ 0.00

D. Summary of Liquidation Analysis (total amount available under Chapter 7):

Net Equity (A and B) plus Other Assets (C) less all claimed exemptions: $ **0.00**.

E. Additional Comments regarding Liquidation Analysis:

IX. SIGNATURES

Pursuant to the Chapter 13 rules, the debtor or his or her attorney is required to serve a copy of the Plan upon the Chapter 13 Trustee, all creditors and interested parties, and to file a Certificate of Service accordingly.

*/s/ James D. Lukowiak, Esq.*                                              **September 29, 2012**
Debtor's Counsel                                                                    Date

Attorney's Address:
**Law Offices of James D. Lukowiak, P.C.**
**1290 Worcester Road, Suite 2W**
**Framingham, MA  01702-0000**

Tel. # **(508) 788-5500**                           Email Address: **jlukowiak@lukowiak.com**

I/WE DECLARE UNDER THE PENALTIES OF PERJURY THAT THE FOREGOING REPRESENTATIONS OF FACT ARE TRUE AND CORRECT TO THE BEST OF OUR KNOWLEDGE AND BELIEF.
*/s/ Jean Marie Mitchell*                                                     **September 29, 2012**
Debtor                                                                                   Date
                                                                                              **September 29, 2012**
Debtor                                                                                   Date