UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

In re )
)
)
)
Jean Marie Mitchell, )      Chapter 13
)      Case No. 12-43198-HJB
)
Debtor. )
)
)

ORDER CONFIRMING CHAPTER 13 PLAN

The debtor filed a Chapter 13 Plan (the "Plan") on October 1, 2012.  The debtor filed a Certificate of Service dated October 1, 2012, reflecting that the Plan was served on all creditors and parties in interest.  No objections to the confirmation of the Plan were filed or all objections were overruled by the Court or resolved by the parties.  Upon consideration of the foregoing, the Court hereby orders the following:

1. The Plan is confirmed.  The term of the Plan is 36 months.

2. The debtor shall pay to the Chapter 13 Trustee the sum of **$150.00** per month commencing October 5, 2012, which payments shall continue through completion of the Plan and shall be made on the 5th day of each month unless otherwise ordered by the Court.  **Payments shall be made by Money Order or Bank Treasurer's check (personal checks will not be accepted) and shall be made payable to and forwarded to:**

**Denise M. Pappalardo, Chapter 13 Trustee
P.O. Box 16607
Worcester, MA 01601**

3. The effective date of confirmation of the Plan is October 5, 2012.  The disbursements to be made by the Chapter 13 Trustee pursuant to the confirmed plan are set forth on the attached summary which is incorporated by reference.  Interested parties should consult the detailed provisions of the Plan for treatment of their particular claims and other significant provisions of the Plan. Pursuant to 11 U.S.C. § 1327, the provisions of the confirmed Plan bind the debtor and all creditors. The conditions for vesting of real property in the debtor are set forth in Section E, Other Provisions, of this order.

Dated:                                                      _____  04/18/2014
United States Bankruptcy Judge

## SUMMARY OF DISBURSEMENTS TO BE MADE UNDER THE PLAN

**A. Secured Claims**

    1. Modified Secured Claims

    a. Discover Bank (the "Lien Holder"), holder of a judicial lien on the property located at 90 Sylvan Avenue, Leominster, Massachusetts is being treated as wholly unsecured and is included in the unsecured total set forth below in Section D of this Order. The Court has allowed a Motion to Avoid Judicial Lien under 11 U.S.C. §522 (f) on February 3, 2014. Upon the debtor's successful completion of the plan and entry of an Order of Discharge under 11 U.S.C. § 1328, the discharge entered shall constitute a discharge of the above judicial lien (recorded with the Worcester District Registry of Deeds in Book 7319, Page 156).

    b. LVNV Funding, LLC (the "Lien Holder"), holder of a judicial lien on the property located at 90 Sylvan Avenue, Leominster, Massachusetts is being treated as wholly unsecured and is included in the unsecured total set forth below in Section D of this Order. The Court has allowed a Motion to Avoid Judicial Lien under 11 U.S.C. §522 (f) on February 3, 2014. Upon the debtor's successful completion of the plan and entry of an Order of Discharge under 11 U.S.C. § 1328, the discharge entered shall constitute a discharge of the above judicial lien (recorded with the Worcester District Registry of Deeds in Book 7665, Page 286).

    2. Unmodified Secured Claims

AmeriCredit Financial Services (the "Lien Holder") will retain its lien on the 2006 Ford Escape. The Debtor shall continue to make regular monthly payments in accordance with the contract with the Lien Holder. The Lien Holder will be paid its prepetition arrearage in the sum of $290.64 over 36 months at the amount of $8.07 each month.

    3. Real Estate Tax Claims

None

**B. Administrative Claims**

| Creditor | Claim | Term |
|---|---|---|
| James D. Lukowiak, Esquire | $3,349.00 | 12 Months |

**C. Priority Claims**

    1. Other Tax Claims

| Creditor | Claim | Term |
|---|---|---|

None

**D.  Unsecured Claims**

The Plan provides for a minimum 2.32% dividend payment to unsecured creditors in the amount of $52,519.79.

**E.  Other Pertinent Provisions**

Unless otherwise ordered by the court, all property of the estate as defined in 11 U.S.C. §§541 and 1306, including but not limited to, any appreciation in the value of real property owned by the debtor as of the commencement of the case, shall remain property of the estate during the term of the plan and shall vest in the debtor only upon the discharge. All property of the estate shall remain within the exclusive jurisdiction of the bankruptcy court. The debtor shall not transfer, sell or otherwise alienate property of the estate other than in accordance with the terms of the confirmed plan or other order of the bankruptcy court. The debtor shall be responsible for preserving and protecting property of the estate.